UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

REGINALD DeWAYNE NELSON,

        Plaintiff,                         Case No. 1:12-cv-661

v.                                               Honorable Robert J. Jonker

JOSEPH GABRIEL et al.,

        Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss this action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim and on grounds of immunity.

**Factual Allegations**

Plaintiff Reginald DeWayne Nelson is a state prisoner incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility. He sues the following Defendants: Detective Joseph Gabriel of the Muskegon Police Department, Steven R. Farrell, Tim Lewkowski, Judge John M. Wieworay, Paula Baker,[1] Timothy Titus, Kathryn E. Strauss, Gerald Mack, Andrew Fias, Officer (unknown) Danger, the Muskegon Police Department, the West Michigan Enforcement Team, and the County of Muskegon.

In 2002, Plaintiff pleaded guilty to the delivery or manufacture of a controlled substance, Mich. Comp. Laws § 333.7401(2)(a)(iii), for which he received a prison sentence of 7 years and 6 months to 20 years.[2] According to his complaint, he was released on parole sometime prior to December 2008. On December 4, 2008, Defendant Lewkowski contacted Defendant Farrell to tell him that Lewkowski suspected that Plaintiff was involved in the sale of narcotics. Lewkowski is a member of the West Michigan Enforcement Team, a drug-enforcement task force responsible for conducting police investigations in western Michigan. Lewkowski indicated that the police had recovered drugs and weapons after executing a search warrant; he recommended that Farrell obtain a warrant for Plaintiff's arrest.

Plaintiff was scheduled to be discharged from his parole on December 8, 2008. Apparently, he was required to appear in person prior to his discharge, but Farrell told him that an appearance would not be necessary because the relevant paperwork would be sent to Plaintiff

---

[1] Apparently, Baker is a state prosecutor. (*See* Compl., docket #1, Page ID#7.)

[2] Information regarding Plaintiff's convictions and sentences is available on the Michigan Department of Corrections (MDOC) website. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=233909 (accessed Sept. 24, 2012).

through the mail. After speaking with Lewkowski, Farrell sought a warrant for Plaintiff's arrest, falsely claiming that Plaintiff violated the terms of his parole by failing to appear. The arrest warrant issued on December 5, 2008.

Around that time, Lewkowski sought and executed two warrants to search residences in Muskegon Heights and Muskegon, Michigan. Plaintiff makes the following allegations regarding Lewkowski's affidavit in support of the warrants:

> 20. [D]efendant Lewkowski failed to include any allegations in his affidavit that Plaintiff sold any drugs to said informant or anyone else[.]
>
> 21[.] Defendant Lewkowski alleged . . . that drugs were found in the home but does not allege how he concluded that the drugs belonged to Plaintiff[.]
>
> 22[.] Defendant Lewkowki refers to a Confidential Informant . . . who told police only that Plaintiff sold drugs from that location, giving no indication as to when[.]
>
> 24[.] Defendant Lewkowski[']s informant made 7 controlled buys . . . but never alleged that Plaintiff sold the [informant] any drugs during any of the buys[.]

(Compl., docket #1, Page ID#6.)

Defendant Titus sought and executed a search warrant for another residence. Plaintiff contends that neither Lewkowski nor Titus "provided any information as to how they determined that Plaintiff actually or constructively possessed the contraband found." (*Id.*)

On December 11, 2008, Judge Wieworay issued another warrant for Plaintiff's arrest. According to Plaintiff, the warrant was not supported by probable cause and it violated state law because the probable-cause determination was not based on an affidavit or sworn testimony. (*See* Compl., docket #1, Page ID#7 (citing Mich. Comp. Laws § 764.1; Mich. Ct. R. 6.102).) Plaintiff asserts that Defendants Baker and Gabriel conspired with Wieworay to effectuate Plaintiff's arrest, "without having met any of the mandatory procedural requirements" of state law, such as "affidavits,

and specific allegations as opposed to conclusory statements." (Compl., Page ID#7.) Plaintiff was arrested in Texas on June 14, 2010, pursuant to the parole-violation warrant.

Plaintiff's MDOC record indicates that he was later convicted of several offenses for conduct occurring on December 4, 2008, including: possession of a firearm as a felon, Mich. Comp. Laws § 750.224f; delivery or manufacture of marijuana, Mich. Comp. Laws § 333.7401(2)(d)(iii); and delivery or manufacture of a narcotic, Mich. Comp. Laws § 333.7401(2)(a)(iii). In September 2011, the Muskegon County Circuit Court sentenced Plaintiff to 4 to 10 years of imprisonment for the firearm conviction, 4 to 8 years of imprisonment for the marijuana-related conviction, and life in prison for the narcotics conviction.

In sum, Plaintiff contends that several of the named Defendants obtained, issued or executed, or conspired to obtain, issue, and execute, search and arrest warrants that were not valid, either because they were not supported by probable cause, or because they violated the requirements of state law. As relief, Plaintiff requests compensatory and punitive damages.

## Discussion

### I. Immunity

Plaintiff asserts that Judge Wieworay issued an arrest warrant that was not supported by probable cause. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be

overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that issuing a warrant is a judicial act, and while Plaintiff asserts that the warrant was invalid, he does not allege that Judge Wieworay acted in the absence of all jurisdiction. *See id.* ("If judicial immunity means anything, it means that a judge 'will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority.'") (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1991)). Consequently, the action against Wieworay is subject to dismissal because he is immune from suit.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.

Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. § 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Insufficient allegations

Plaintiff fails to allege any specific conduct by Defendants Strauss, Mack, Fias or Danger. They are not even mentioned in the body of the complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation

of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Plaintiff's allegations with regard to Defendants Strauss, Mack, Fias and Danger fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Consequently, Plaintiff's action against Defendants Strauss, Mack, Fias and Danger will be dismissed for failure to state claim

Furthermore, Plaintiff's allegations against Defendant Titus are too vague to state a claim. Plaintiff merely alleges that Titus sought and executed a search warrant and failed to provide any information to explain how he determined that Plaintiff "possessed the contraband found." (Compl., docket #1, Page ID#6.) The foregoing allegations are wholly insufficient to "allow the court to draw the reasonable inference" that Titus is liable for any misconduct. *See Iqbal*, 556 U.S. at 679. Thus, Titus will also be dismissed for failure to state claim.

**B. Municipal Liability**

Plaintiff also sues the County of Muskegon. A municipality like Muskegon County may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 453-54 (2010)

(citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). It may not be sued in an action under § 1983 for an injury inflicted solely by its employees or agents under a theory of respondeat superior. *Monell*, 436 U.S. at 691. Thus, in a municipal-liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-09.

Plaintiff's claim fails at the first step because he does not identify a policy or custom attributable to Muskegon County, much less allege that his injuries are the result of that policy or custom. Indeed, it appears that Plaintiff's claim is based solely on an impermissible theory of respondeat superior. Therefore, he fails to state a claim against Muskegon County.

### C. Fourth Amendment

Plaintiff claims that Lewkowski sought and executed two search warrants, and it is implied that Lewkowski's affidavit in support of the warrants lacked sufficient information to support a finding of probable cause. Construing the complaint generously, Plaintiff arguably asserts a Fourth Amendment claim against Lewkowski. Under the Fourth Amendment, no search warrant shall issue without probable cause. *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006). Probable cause exists where there is a "fair probability" or "reasonable grounds for belief" that police will find evidence of a crime at the location of the proposed search. *Id.* An affidavit demonstrating such a probability must establish "a nexus between the place to be searched and the evidence

sought." *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc) (quoting *United States v. Van Shutters*, 163 F.3d 331, 336-37 (6th Cir. 1998)).

However, "[a] person who claims that his Fourth Amendment rights were violated by an unreasonable search must establish that he or she had a subjective expectation of privacy in the premises searched and that society would recognize his or her expectation as legitimate." *United States v. Harris*, 255 F.3d 288, 294 (6th Cir. 2001) (citing *Minnesota v. Carter*, 525 U.S. 83 (1998)). Conversely, "[o]fficial conduct that does not 'compromise any legitimate interest in privacy' is not a search subject to the Fourth Amendment." *Illinois v. Caballes*, 543 U.S. 405, 408 (2005) (quoting *United States v. Jacobsen*, 466 U.S. 109, 123 (1984)).

Plaintiff alleges that Lewkowski sought and executed warrants to search several residences in Michigan. Although the text of the Fourth Amendment suggests that its protections extend only to people in "their" houses, the Supreme Court has held that in some circumstances a person may have a legitimate expectation of privacy in the house of someone else. *Minnesota*, 525 U.S. at 89. As the Sixth Circuit has explained:

> In determining whether an individual has a legitimate expectation of privacy, we look to the nature of the individual's ties to the property. Although an overnight guest may possess a legitimate expectation of privacy in a residence being searched, a temporary visitor to a residence may claim no such protection. This is particularly true where . . . the person seeking the protections of the Fourth Amendment was on the premises for the sole purpose of engaging in drug-related business transactions.

*Harris*, 255 F.3d at 294-95.

Plaintiff fails to identify any connection between himself and the properties searched. He merely alleges that they were residences, and that one was "occupied by a man identified as Samuel Nelson." (Compl., docket #1, Page ID#6.) If anything, Plaintiff seems to disavow any connection to the places searched; his claim appears to be based on the notion that the affidavit failed

to implicate him in any illegal activity at the locations searched. Thus, Plaintiff has not alleged a basic element of a Fourth Amendment claim, which is that Defendant Lewkowski compromised Plaintiff's legitimate expectation of privacy. Therefore, Plaintiff fails to state a Fourth Amendment claim against Lewkowski.

### D. *Heck v. Humphrey*

To the extent that the search warrants executed by Lewkowski or Titus produced evidence used to convict Plaintiff, his claim regarding those warrants is subject to dismissal for the additional reason that it is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that "'in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned].'" *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original) (quoting *Heck*, 512 U.S. at 486-87). Thus, a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted).

Plaintiff alleges that the search warrants uncovered evidence of drug-related activity, and he implies that Lewkowski and Titus determined that this evidence belonged to Plaintiff. In addition, Plaintiff's MDOC record indicates that he was convicted of drug-related offenses after the warrants issued. Thus, it appears that the search warrants at issue produced evidence used to convict

Plaintiff of additional crimes. If that is the case, Plaintiff's challenge to those warrants is barred by *Heck* because it undermines the validity of those convictions and there is no indication that those convictions have been overturned or called into question by state or federal processes. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398-99 (6th Cir. 1999) (holding that, where an allegedly illegal search produced evidence used to obtain a conviction, the convicted cannot bring a § 1983 claim challenging the search until the conviction is overturned), *overruled in other part by Wallace v. Kato*, 549 U.S. 384, 393 (2007).

Likewise, Plaintiff's claim that Farrell falsely accused Plaintiff of violating the terms of his parole, and improperly obtained an arrest warrant on that basis, is barred by *Heck* because it calls into question the validity of the revocation of Plaintiff's parole. The principles in *Heck* have been applied to § 1983 actions challenging the revocation of parole in the absence of a previous decision by a state or federal tribunal declaring that revocation invalid. *See Norwood v. Mich. Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir. 2003). Plaintiff does not claim that the revocation of his parole has been overturned or declared invalid. Indeed, his MDOC record shows that he is still serving the sentence for his 2002 conviction. Thus, *Heck* applies and Plaintiff's claim against Farrell is subject to dismissal for that reason.

### E. Conspiracy

Plaintiff asserts that Defendants Baker and Gabriel are also liable for the issuance of the second arrest warrant because they conspired with Judge Wieworay to obtain it. To state a claim for conspiracy, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible

suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Smith v. Rose*, 760 F.2d 102,106 (6th Cir. 1985); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996). A plaintiff's allegations must show: (1) the existence or execution of the claimed conspiracy, (2) overt acts relating to the promotion of the conspiracy, (3) a link between the alleged conspirators, and (4) an agreement by the conspirators to commit an act depriving plaintiff of a federal right. *Lepley v. Dresser*, 681 F. Supp. 418, 422 (W.D. Mich. 1988). "[V]ague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim." *Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996). A simple allegation that defendants conspired to cover up wrongful actions is too conclusory and too speculative to state a claim of conspiracy. *Birrell v. Michigan,* No. 94-2456, 1995 WL 355662, at *2 (6th Cir. June 13, 1995).

Plaintiff's allegations of conspiracy are wholly conclusory. Plaintiff alleges no facts indicating that either Baker or Gabriel engaged in any conduct to further the alleged conspiracy, much less that they agreed with each other and with Judge Wieworay to violate Plaintiff's rights. Indeed, there is no allegation of any specific conduct by Baker or Gabriel. Plaintiff merely alleges, in conclusory fashion, that they conspired to arrest him and failed to abide by procedures required by state law. Such allegations fail to state a claim against Baker and Gabriel, conspiracy or otherwise.

### F. State law claims

To the extent that Defendants violated state law, § 1983 does not provide redress for such a violation. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Moreover, to the extent that Plaintiff asserts independent state-law claims, the Court declines to exercise jurisdiction over such claims. In determining whether to retain supplemental jurisdiction over state-law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.* Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S. Ct. 1862, 1866-67 (2009). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims, if any, will be dismissed without prejudice.

### G. Remaining defendants

After dismissal of the claims against the Defendants who appear to be associated with the Muskegon Police Department or the West Michigan Enforcement Team (Defendants Danger, Farrell, Gabriel, Lewkowski and Titus), there is no basis for maintaining a claim against these entities. Consequently, they will also be dismissed.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's § 1983 claims will be dismissed on immunity grounds and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). To the extent that Plaintiff asserts claims arising under state law, the Court declines to exercise jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     October 3, 2012              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE