1

**RECEIVED - GR**
October 5, 2012 11:41 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_____ JEM _____

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **REGINALD NELSON**<br>Plaintiff, | Case No. **1:12-cv-661** |
| v. | Judge: **Hon. Robert J. Jonker** |
| **JOSEPH GABRIEL, et. al.,**<br>Defendants. | Magistrate: **Hugh W. Brenneman** |

_____/

**REGINALD NELSON (233909)**
*Pro se* Plaintiff
Bellamy Creek Correctional Facility
1727 W. Bluewater Hwy.
Ionia, MI 48846

**MIKE COX**
Attorney General

---

## MOTION FOR APPOINTMENT OF COUNSEL

---

Now comes *Pro Se* Plaintiff, Reginald Nelson, pursuant to 28 U.S.C. § 1915(e)(1) and requests the Court **GRANT** the instant Motion and request Counsel to represent Plaintiff Nelson in the above captioned action for the following reasons:

1. Plaintiff Nelson is an imprisoned, indigent litigant granted in *forma pauperis* status, who has been unsuccessful in his efforts to secure counsel.

2. Plaintiff's knowledge of- and experience with- federal civil litigation is very limited, and for this reason- and those cited *infra* and in his supporting brief- he is unlikely to be able to effectively investigate and present his claims before the Court and a jury trial.

3. Plaintiff further asserts that his ability to present his claims before the Court and a jury is limited by deficiencies in matters of the law and lack of education in the legal process.

4. The major proofs of this action will most probably come from the efficient and effective use of

discovery, i.e., taking of oral depositions of witnesses, and the cross-examination of conflicting witness testimony, as Plaintiff's claims lack conclusive documentary proof without said discovery and the truth will most likely be brought to light at trial if both parties are represented by effective counsel.

5.      Plaintiff's ability to investigate facts, obtain crucial evidentiary documents, locate and communicate with his witnesses- critical to his burden of proof – is being hindered, obstructed, and outright denied by virtue of Michigan Department of Corrections ("MDOC") rules, policy directives, and operating procedures, etc.

6.      Plaintiff submits that presentation of his claims will most assuredly require expert witness testimony by affidavit, deposition, and/or at trial, and without effective Counsel, he will be inadequately prepared to secure same.

7.      Plaintiff further submits that his legal position in the above-captioned action is one of considerable substance, where he has presented color able claims of violations of his constitutionally guaranteed rights and is likely to survive Summary Judgment.

8.      The above-captioned action sets forth challenges to the Muskegon Police Department, West Michigan Enforcement Team, Muskegon County, and some of its representatives, that if successful, will have a favorable effect on similarly situated individuals who have or are now: (a) unlawfully detained and housed in a prison; and (b) arrested without sufficient due process and probable cause such as is in this matter.

9.      Further, Plaintiff simply states that the past three and a half years (3 ½ ) are a direct consequence of overzealous and shoddy law enforcement officials and agencies whom had they have operated under the correct procedures would have alleviated the subsequent emotional and mental anguish that has transpired due to the Plaintiff's incarceration until this point.  Plaintiff's lack of experience and education would severely and adversely affect him in any further proceedings without the aid of effective Counsel.

**WHEREFORE**, for all the reasons stated above, and argued in his supporting brief, Plaintiff Nelson respectfully requests the Court **GRANT** this motion and request Counsel to represent Plaintiff Nelson in this action.

I, Reginald DeWayne Nelson, hereby declare, under penalty of perjury, that the foregoing is true and accurate to the best of my personal knowledge, information and belief.

Dated: _Oct. 1, 2012_

Respectfully submitted,

_Reginald Nelson_
Reginald Nelson #233909
Bellamy Creek Corr. Facility
1727 W. Bluewater Hwy.
Ionia, MI 48846

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**REGINALD NELSON,**
    Plaintiff,

Case No. **1:12-cv-661**

v.

Judge: **Hon. Robert J. Jonker**

**JOSEPH GABRIEL, et. al.,**
    Defendant's.

Magistrate: **Hugh W. Brenneman**

---

## BRIEF IN SUPPORT OF

## MOTION FOR APPOINTMENT OF COUNSEL

---

### I.    <u>INTRODUCTION AND ISSUE PRESENTED</u>

Plaintiff in *pro per*, Reginald Nelson, pursuant to *Rule 7.1(d)* of the Local Rules of Court for the Western District of Michigan, hereby submits this brief.

The issue presented is:

> **IN THE INTEREST OF ALL PARTIES SHOULD THE COURT**
>
> **REQUEST COUNSEL REPRESENT PLAINTIFF NELSON IN**
>
> **THIS ACTION?**

### II.    <u>FACTUAL BACKGROUND</u>

This is a Section 1983 action filed by the plaintiff, a Michigan State Prisoner presently imprisoned at the Ionia Bellamy Creek Correctional Facility ("IBC"), who at the time of the claims alleged in his Complaint was a resident of the state of Michigan, but not incarcerated, seeking damages

premised on the violation(s) of his constitutionally guaranteed rights as an United States citizen.

On December 4, 2008, Defendant Tim Lewkowski, with the West Michigan Enforcement Team, contacted Defendant Steven Farrell and gave Mr. Farrell information regarding Plaintiff.  Defendant Lewkowski informed Defendant Farrell that Plaintiff was suspected of being involved in the sale of narcotics, and that a search warrant had resulted in the recovery of drugs and weapons.

Upon relaying this information to Mr. Farrell, Defendant Lewkowski had not sought nor obtained an arrest warrant, nor had any probable cause been produced before any magistrate that would justify an arrest.

Farrell, based solely on the information elicited from Mr. Lewkowski, violated Plaintiff's parole, falsely alleging that Plaintiff had absconded from his parole.  Subsequently, Defendant Farrell recommended an arrest warrant that was issued on December 5, 2008.

Farrell's warrant recommendation was the result of an agreement between both Farrell and Lewkowski to circumvent the procedural requirements of an arrest warrant to effectuate Plaintiff's arrest.  (Plaintiff was due to discharge from parole on December 8, 2008.)

Defendant Farrell told Plaintiff that there was no need for him to physically appear to effectuate the termination of his looming parole discharge; Farrell instead told Plaintiff that his discharge papers would be sent to him via post office mail.  Farrell in turn used the Plaintiff's non appearance as a basis to issue the aforementioned warrant against Plaintiff consistent with the conspiracy and agreement between Defendant's Lewkowski and Farrell to have Plaintiff arrested without cause while a case was being constructed against him.

On December 4, 2008  two search warrants were sought and executed by Defendant Lewkowski at the following residences:   209 E Columbia in Muskegon Heights and 1356 Ducay in Muskegon.

Defendant Lewkowski failed to include any allegations within his affidavit that Plaintiff sold any drugs to said informant(s) or anyone else.  Lewkowski alleged in his affidavit that drugs were

found and seized at the above address, but does not specify how he comes to the conclusion that the drugs belonged to Plaintiff. Defendant Lewkowski refers to a Confidential Informant (CI) who informed the police that Plaintiff sold drugs from that location, but never an indication as to when. This CI also allegedly made seven (7) controlled purchases according to Lewkowski, however, not once did any intelligence obtained reveal that Plaintiff sold any of the drugs purchased by the informant.

On December 4, 2008 a third search warrant was sought and executed by Defendant Timothy Titus. Therein Titus acknowledges that the residence was occupied by a man identified as Samuel Nelson. Neither Lewkowski nor Titus provided any information as to how they determined that Plaintiff actually or constructively possessed the contraband that was found and seized.

On December 11, 2008, Defendant John Wiemora issued a warrant for the arrest of Plaintiff. Defendant Wiemora lacked probable cause to believe that Plaintiff had committed any crime at all, including the ones he was alleged to have perpetrated. Defendants Wiemora, Paula Baker, and Joseph Gabriel conspired and acted in concert to arrest and imprison Plaintiff Nelson against his will and in violation of state and federal law prohibiting such conduct. Wiemora, Baker, and Gabriel deliberately and knowingly disregarded the statutory procedures required to authorize an arrest warrant-- i.e., affidavits, and specific allegations as opposed to conclusive statements. *MCL 764.1* and *MCR 6.102* constitute a state-created Constitutionally protected liberty and/or property interest in remaining free from arrest and detention without having produced a sworn affidavit or testimony on which to base a probable-cause determination.

Defendants Weismora, Baker, and Gabriel deliberately disregarded the requirements set forth in the statute and did knowingly set in motion a process whereby the statute and common law were circumvented in order to effectuate Plaintiff's arrest and subsequent imprisonment.

Defendants Weismora, Baker, and Gabriel committed an ultra vires act by conspiring and orchestrating the arrest and detainment of Plaintiff and issuing an arrest warrant without having met

any of the mandatory procedural requirements of *MCL 764.1.* Furthermore, Defendant Baker acted outside the scope of her duties and is not entitled to immunity normally afforded a prosecutor who has complied with the statute. Defendant Baker has offered no reasonable explanation for her ultra vires acts.

Defendant J. Weismora acted outside the scope of his office when he knowingly disregarded the statute and common law requirements of a warrant, and having been presented with a deficient warrant request devoid of any sworn or affirmed allegations of fact, authorized Defendant Muskegon Police Department or any other law enforcement agency to arrest Plaintiff.

As a result of the facts offered by Plaintiff, on or about June 14, 2010, Plaintiff was arrested in Texas, ultimately due to a fabricated warrant for a parole violation.

## III.    APPLICATION OF LAW AND ARGUMENT

### A.    Statutory Authority

Section 1915(e)(1) of Title 28 of the United States Code provides for the Court appointment of counsel for *pro se*, indigent plaintiffs like Mr. Nelson. "The Court may request an attorney to represent any person unable to afford counsel." *Id.*

### B.    Applicable Law and Argument

Plaintiff is mindful of the fact that "[a]ppointment of counsel in a civil case is not a constitutional right...[but] is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane, 992 F. 2d 601, 605-6 (6th Cir. 1993); Lemeshko v. Worna, 325 F. Supp. 2d 778, 788 (E.D. Mich 2004).* Such exceptional circumstances exist where a *pro se* prisoner has presented colorable claims, but lacks the necessary ability to properly investigate and/or present those claims. *Brooks v. Youngert, 4:03-cv-00137 (W.D. Mich 06/09/2005). See also, Pruitt v. Mote, 503 F. 3d 647 (7th Cir. 2007); Phillips v. Jasper County Jail, 437 F. 3d 791, 794 (8th Cir. 2006).*

Plaintiff submits that appointment of counsel in this case is appropriate for all the reasons set

forth in his accompanying motion.  More specifically, though, he argues that defendants will most probably be moving for summary judgment.  Plaintiff will require adequate discovery opportunities to obtain sufficient proofs necessary to overcome such a defense motion.  As one court aptly observes, "Summary judgment is the 'put up or shut up' moment within a lawsuit, when a party must show what evidence it has that would convince a rational trier of fact to accept its version of events." *Taylor v. Walker, 537 F. Supp. 2D 966, 971 (C.D. Ill. 2008)* (citing *Johnson v. Cambridge Indus., Inc., 325 F. 3d 892, 901 (7th Cir. 2003))* (quotations in original, emphasis added.)

Plaintiff contends that without counsel, he will be unable to conduct such required discovery and/or investigation of the facts and evidence, to locate and depose relevant witnesses, or otherwise obtain the relevant proofs to support his claims because of the nature of the defendants' occupations, (law enforcement, etc.) and the fact that Plaintiff must abide by the rules and regulations of the MDOC which hampers his ability to provide his own defense successfully.

Plaintiff argues that he has no feasible way of obtaining the information needed to conduct an effective litigation on his own.  The whereabouts of several witnesses and/or defendants who are or may potentially be pertinent to this action is severely hampered due to Plaintiff's current incarceration. Courts in this Circuit have long held that prison policies and rules bar a prisoner-plaintiff from searching for potential witnesses and evidence to support the allegations of their complaints creates "an unusual barrier to adequate investigation, preparation, and presentation of [their] claim[s]." *Howard v. Johnson, 20 F. Supp. 2D 1128-29 (W.D. Mich. 1998).*

5.

## IV.    CONCLUSION AND RELIEF

Although Plaintiff could certainly provide the Court with additional evidence and arguments as to why the appointment of Counsel is apropos in this case, he will not belabor the issue any further. Rather, he asks the Court to pause and consider the substantial difficulty that prisoners face when attempting to litigate complex constitutional claims, such as the ones alleged in Plaintiff's action, and to genuinely compare them to the arduous task that lays before Plaintiff Nelson, or any plaintiff (incarcerated or free), as he attempts to confront the impracticable evidentiary demands of this case with his investigative and discovery hands virtually fettered.  Surely the Court will recognize the judiciousness in asking Counsel to undertake representation of Plaintiff  in this action.

**WHEREFORE**, for all the above reasons and those set forth in his accompanying Motion, Plaintiff Reginald Nelson prays that the Court **GRANT** this request for Counsel.

I, Reginald DeWayne Nelson, hereby declare, under the penalty of perjury, that the foregoing is true and accurate to the best of my personal knowledge, information, and belief.

Respectfully submitted,

Dated: *Oct. 1, 2012*

*Reginald Nelson*
Reginald Nelson #233909
Bellamy Creek Correctional Facility
1727 W. Bluewater Hwy.
Ionia, MI 48846